# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DYLAN THRIFT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| **VS.** ) | |
| ) | |
| **DOLGENCORP, LLC** ) | |
| ) | **JURY DEMANDED** |
| ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW Plaintiff Dylan Thrift, by and through his attorneys, in the above styled cause, and for his Complaint for violations of the Fair Labor Standards Act of 1938 ("FLSA") against Defendant, Dolgencorp, LLC dba Dollar General, alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, et seq., and 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

3. Venue is proper in the Northern District of Alabama because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

4. Specifically, Defendants have maintained a working presence in the State of Alabama (and the United States), and Plaintiff worked in Jefferson County, Alabama throughout his employment with Defendant, which is located within this District and Division.

5. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Dylan Thrift (hereinafter "Plaintiff" or "Thrift"), is an adult, is nineteen (19) years of age or over, and is a resident of Jefferson County, Alabama. Plaintiff was, at all times relevant to this Complaint, an employee of the Defendant within the contemplation of 29 U.S.C. § 203(e)(1).

7. Defendant Dolgencorp, LLC dba Dollar General (hereinafter "Dollar General") is an entity registered to do business in the State of Alabama, and is conducting business, among other locations, in Jefferson County, which is in the Southern Division of the Northern District of Alabama.

8. At all times relevant to this action, Defendant Dollar General has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times relevant to this action, each Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times relevant to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

11. At all times relative to this action, Defendant has had, and continue to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. During the period of Plaintiff's employment by the Defendant, the Plaintiff provided services for the Defendants that involved interstate commerce for purposes of the FLSA.

13. In performing the operations described in this Complaint, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and/or 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

14. Plaintiff is (or was) a non-exempt employee who worked for Defendant within the meaning of the FLSA.

15. At all times hereinafter mentioned, Plaintiff is (or was) an individual employee who was engaged in commerce or in the production of goods for commerce as required by the FLSA for coverage.

## STATEMENT OF FACTS

16. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

17. Plaintiff began working for the Defendants on or about February 10, 2020 and continued working full time until on or about the second week of April, 2020. Plaintiff worked full-time for Defendants during that entire period at Dollar General's store located at 2328 Center Point Road, Center Point, Alabama 35215.

18. During his employment, he was forced by his store managers, Jennifer Higgins and LaBressa "Bre" Beavers to work much of that time off

the books and off the schedule, for which he was sometimes paid in cash, although not in the amounts promised to him.

19. Plaintiff worked for Defendant as a non-exempt employee stocking shelves, bagging items for customers, loading pallets, sweeping and mopping floors and other similar duties.

20. Plaintiff was told by Beavers that he was not initially put on Dollar General's books was thus paid in cash, because there were technical problems with putting him in the system.

21. As such, he worked at Dollar General on a total cash basis from February 10, 2020 until he was finally put in the system and on the official Dollar General schedule on or about March 12, 2020.

22. During that time, was paid $140 per week, in cash, for four to five days of work each week.

23. Plaintiff was promised by Beavers that when they could get him in the system and on the books, then he would get paid $9 per hour, all of which he would actually get paid for.

24. But both before and after Plaintiff was placed in Dollar General's system, he was instructed by Beavers and Higgins to work on days but not to clock in, or to clock in under other employees' names.

25. Plaintiff was told by Beavers, for example, in text messages, the following:

Thrift:  So, do I come in and work tomorrow?

Beavers:  Yes, yu work in the morning, but you won't clock, 8-2.  My bad so late, I just thought about it;

And in another exchange about the next day's work for Plaintiff:

Beavers: Don't clock.  She will pay yu when she gets there;

And in another, when Plaintiff asked how he would get paid once he was in the system:

Beavers: It's like you get your check, then you get paid in cash for Friday, on Friday.

26. Plaintiff was told by Beavers and Higgins that Dollar General had cut budgets and that their pay as managers was affected by payroll, so that was why he, and others, had to work off the clock, and why he, and others, were supposed to clock in under different employee's names.

27. However, Plaintiff was promised that this situation was temporary, and that he would soon get paid, in normal fashion, for all the hours that he worked.

28. However, even after March 12, 2020, when Plaintiff was officially in the Dollar General system, Beavers and Higgins would only put him on the written schedule for one day, despite the fact that he would work (then) five to six days a week, with the exception of one week in which he worked less because he was sick.

29. During that time, from March 12, 2020 until the second week of April, 2020, with the exception of the one week in which he was sick, he generally worked one day (sometimes two days) on the clock, and four to five additional days off the clock.

30. During this time, he generally worked a total of 45 hours per week.

31. Plaintiff was paid in normal fashion at a rate of $8.00 per hour for the on the clock hours that he worked during that time, via an actual Dollar General paycheck/debit card, with normal employee withholdings, etc.

32. However, during that time, Plaintiff was not paid at all for some of the off the clock work, and only paid in cash minimal amounts for the reminder of his off the clock work.

33. Therefore, as things had not improved and he was not getting paid in a legal and normal fashion even after finally being put in the Dollar General official employee system, as he had been promised would be the case, Plaintiff complained to his store management that he was not being paid in a legal manner, that he was wrongfully not getting even minimum wage, and certainly not getting overtime pay.

34. After he complained about those problems, he ceased being scheduled for any work at all at Dollar General, on the schedule or off, and, as such, has been functionally terminated.

35. The decision for the Plaintiff to no longer be working any hours at Dollar General was unilaterally made by Dollar General as Plaintiff was willing, able and wanted to continue to work there, provided he was paid in a legal manner.

36. However, as a result of complaining about unpaid minimum wage and overtime, Plaintiff was no longer allowed to work at Dollar General.

37. The Defendant's termination of the Plaintiff for asserting his legal rights to minimum wage and overtime occurred in the middle of a pandemic, when available jobs and work is at its lowest point since the Great Depression.

38. As a result, Plaintiff has suffered mental anguish, emotional distress, sleepless nights and much anxiety about how he is going to make money to survive without a job.

39. Defendant's customary practice was to have Plaintiff work more than forty (40) hours per week, for which Plaintiff should have received at least minimum wage for the first forty hours, and time and a half overtime pay for all hours in excess of forty (40).

40. However, Defendant did not pay Plaintiff at least minimum wage for all of his hours worked, and none of the hours which Plaintiff worked over forty (40) in a workweek were paid at an overtime rate.

41. Plaintiff never received any overtime pay.

42. The Defendant, despite store management having direct knowledge of the Plaintiff's work hours, continually paid the Plaintiff on a basis that ignored and did not legally compensate him for his hours worked.

43. Defendant intentionally and willfully did so, in order to avoid legally paying Plaintiff for the hours that he worked.

44. Defendant routinely paid Plaintiff in cash, with only a portion of his compensation being paid in a legal way.

## COUNT ONE

## FLSA Pay Violations

45. Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

46. Defendant has failed to comply with the FLSA's wage requirements by failing to pay Plaintiff at least minimum wage for all hours worked, and at one and one-half (1 ½) his regular rate for all hours worked in excess of forty (40) hours per week.

47. Defendant has failed to comply with the FLSA by failing to keep and maintain accurate records and information documenting the hours worked and wages earned by the Plaintiff.

48. Defendant's willful violations of the FLSA have caused the Plaintiff to suffer financial damage consisting of loss of pay.

49. At all material times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

50. The Defendant violated the FLSA by failing to pay minimum wage and overtime compensation to Plaintiff.

51. Defendant's failure to accurately pay minimum wage and overtime wages to the Plaintiff was, and is, willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions

and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to the FLSA.

52. Plaintiff is also entitled to an award of his costs, attorneys' fees, and expenses incurred in asserting this action and recovering his wages.

## COUNT TWO

### FLSA Retaliation

53. Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

54. When Plaintiff complained to Defendant's store management that he was not being paid in a legal manner, that he was wrongfully not getting even minimum wage, and certainly not getting overtime pay, he was retaliated against and terminated by Defendant, in violation of the anti-retaliation provisions of the FLSA.

55. The Defendant's termination of the Plaintiff for asserting his legal rights to minimum wage and overtime occurred in the middle of a pandemic, when available jobs and work is at its lowest point since the Great Depression.

56. As a result, Plaintiff has suffered mental anguish, emotional distress, sleepless nights and much anxiety about how he is going to make money to survive without a job.

57. At all material times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, including its anti-retaliation provisions.

58. The Defendant violated the FLSA by terminating him for complaining about Defendant's illegal and wrongful pay practices.

59. Defendant's retaliation was willfully perpetrated. The Defendant's conduct was malicious, or in reckless disregard of Plaintiffs' rights.

60. Plaintiff is also entitled to an award of compensatory damages, damages for mental and emotional distress, punitive damages, his costs, attorneys' fees, and expenses incurred in asserting this action and recovering his wages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff, to be paid by the Defendants, the amount of his unpaid and/or improperly paid wages, overtime compensation and benefits, computed at a proper rate, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

C. That the Plaintiff be granted judgment against the Defendants for all reasonable attorneys' fees, costs, disbursements and compensatory damage; and

D. For such other and further relief as the FLSA dictates and that this Court deems equitable, proper, and just, including but not limited to, any injunctive and/or declaratory relief to which Plaintiff may be entitled.

Dated this 9th day of June, 2020.

Respectfully Submitted,

/s/ David A. Hughes
David A. Hughes (ASB-3923-U82D)
Attorney for Plaintiff
2121 14th Street
Tuscaloosa, Alabama 35401
Phone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

## Jury Demand

Plaintiff demands trial by struck jury.

                                         **/s/ David A. Hughes**
                                         OF COUNSEL

Service Address:

Dolgencorp, LLC
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104